UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV01284 AGF |
| | ) |
| CHRIS CASSADAY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion for summary judgment filed by Defendants Chris Cassaday and the City of Cool Valley, Missouri ("City"), with regard to Plaintiff's remaining claims against them; and (2) the motion for summary judgment, as supplemented, filed by Defendants Gregory Bolin and Michael Bolin.[1] For the reasons set forth below, both motions shall be granted.

Plaintiff George Poole filed this action pro se against Cassaday, in his individual and official capacity as a City police officer; the City; and the Bolins, doing business as Bolin Services, a towing service. Plaintiff, who is African-American, claimed that his Fourth and Fourteenth Amendment rights were violated as a result of Cassaday stopping Plaintiff's car for failure to have proper licence plates, searching the passenger compartment and trunk of the car, and arresting Plaintiff. Plaintiff also claimed that the City violated his constitutional rights due to its failure to properly train its officers against

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

racial profiling.  Plaintiff further alleged that Cassaday did not properly inventory the contents of his car before it was towed by the towing service owned by the Bolin Defendants, and that when he retrieved his vehicle, 50 compact discs and one spare tire were missing, in violation of his Fourth and Fourteenth Amendment rights.

By Order dated January 11, 2006, this Court granted the City and Cassaday summary judgment with respect to Plaintiff's constitutional claims arising out of the traffic stop and arrest.  The Court also granted these Defendants summary judgment as to any federal constitutional claims arising out of the allegedly lost items of personal property.  The Court, however, held that these Defendants did not show that they were entitled to summary judgment with respect to Plaintiff's challenge to the search of the trunk of his car.  Based on the Court's obligation to construe a pro se plaintiff's allegations liberally, the Court construed Plaintiff's complaint as alleging that Cassaday searched the trunk of the car prior to arresting Plaintiff and without Plaintiff's consent.  Cassaday and the City had read the complaint as alleging merely that Cassaday searched the passenger compartment, and had not addressed the search of the trunk, either factually or legally.  The Court therefore granted Cassaday and the City additional time to address this claim.

These Defendants have now submitted the supplemental affidavit of Cassaday, attesting that after arresting Plaintiff and authorizing a towing company to remove Plaintiff's vehicle from the roadway, he conducted an inventory search of the vehicle, including the trunk, to protect the City and Cassaday from any false allegations of lost or stolen property.  Cassaday attests that he took these actions pursuant to City procedures.  He further attests that he executed a written Authorization to Tow, which included an inventory of any items found in the vehicle.  A copy of this form, which has been

2

submitted as an exhibit, shows that Cassaday left blank the section of the form calling for a description of items in the vehicle.  In response, Plaintiff affirmatively states that Cassaday searched the trunk of his car after Plaintiff was placed in custody.  As such, there is no question that the search of the passenger compartment and the trunk occurred following Plaintiff's arrest.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record.  Johnson v. Crooks, 326 F.3d 995, 1005-06 (8th Cir. 2003); Hott v. Hennepin County, Minn., 260 F.3d 901, 904 (8th Cir. 2001).  The moving party bears the burden of showing the absence of a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256  (1986).  A "material" fact is one "that might affect the outcome of the suit under the governing law."  Id. at 248.  When a  motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine issue for trial." Fed. R. Civ. P. 56(e).

When a vehicle is lawfully seized and impounded, following the driver's arrest, law enforcement officers may conduct a warrantless inventory search of the vehicle, including the trunk, in order to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect the police from potential danger, so long

as the search is in accordance with standardized police procedures.  Florida v. Wells, 495 U.S. 1, 4 (1990); United States v. Beal, 430 F.3d 950, 954 (8th Cir. 2005); United States v. Kennedy, 427 F.3d 1136, 1143 (8th Cir. 2005) ("Inventory [vehicle] searches conducted according to standardized police procedures, which vitiate concerns of an investigatory motive or excessive discretion, are reasonable.") (citation omitted).  "Even if the officer had another motive, 'the presence of an investigative motive does not invalidate an otherwise valid inventory search.'"  United States v. Kanatzar, 370 F.3d 810, 814 (8th Cir. 2004) (citation omitted), vacated on *Booker* grounds, 534 U.S. 1107 (2005), opin. reinstated, 139 Fed. Appx. 760 (8th Cir. 2005), cert. denied, 126 S. Ct. 819 (2005).  Although the City apparently had not, at that time, reduced its inventory policy to writing, that alone does not render the inventory search unconstitutional.  See United States v. Betterton, 417 F.3d 826, 830 (8th Cir. 2005); United States v. Lowe, 9 F.3d 43, 46 (8th Cir. 1993).

The City and Cassaday's supplemental statement of uncontroverted material facts and Cassaday's supplemental affidavit (Doc. Nos. 49-1 & 49-2) have demonstrated that the City had a policy and procedure in place for conducting inventory searches of vehicles it was impounding and towing, and that this search was conducted pursuant to that procedure.  Plaintiff has not offered any evidence to dispute these facts.[2]  Cassaday's failure to list items found in the vehicle, assuming there were such items, does not mean that the search was not a valid inventory search.  See United States v. Loaiza-Martin, 832 F.2d 867, 869 (5th Cir. 1987), cited with approval in United States v. Garner, 181 F.3d

---

[2] Pursuant to E.D.Mo.L.R. 7-4.01(E), "[a]ll matters set forth in the statement [of material facts] of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."

988, 992 (8th Cir. 1999); United States v. Trullo, 790 F.2d 205, 206 (1st Cir. 1986); cf. United States v. Rowland, 341 F.3d 774, 780 (8th Cir. 2003) (search of lawfully impounded vehicle was not a valid inventory search under the Fourth Amendment, where police made a record of only incriminating evidence found in the vehicle, and failed to record other personal property found therein).

In light of the evidence now in the record, the Court concludes that Cassaday and the City are entitled to summary judgment on Plaintiff's remaining claim against them, namely, that Cassaday's search of the trunk of Plaintiff's car was unconstitutional. Plaintiff has not disputed that (i) he was driving without proper license plates, identification and driver's license; (ii) he was subject to arrest for and was arrested for these traffic offenses; (iii) a search of the interior of his vehicle was conducted following his arrest and pursuant to that arrest; (iv) the search of the interior and trunk of his vehicle occurred following his custodial arrest; (v) the officers had a legal right to tow his vehicle; and (vi) he was in fact transported to the police station following his arrest and his vehicle was towed. Nor has Plaintiff offered any evidence to dispute Cassaday's sworn statements in his affidavit that the purpose of the search was to inventory the contents of the car, and that the search was in accordance with standard City procedures. See Wos v. Sheahan, 57 Fed. Appx. 694, 696 (7th Cir. 2002) (affirming dismissal of arrestee's § 1983 claims alleging unreasonable search and seizure against sheriff's deputies and towing company; deputies who arrested motorist for failing to produce valid driver's license were permitted to impound automobile and conduct an inventory search of its contents to protect themselves from claims of lost or vandalized property). As such, the City and Cassaday are entitled to judgment as a matter of law.

The Bolin Defendants are also entitled to summary judgment on any federal constitutional claims Plaintiff has asserted against them. Even assuming that they are state actors for purposes of § 1983, any constitutional claim Plaintiff may have against them for taking or failing to protect the allegedly lost property fails because Plaintiff has an adequate state court remedy for such loss. See Ali v. Ramsdell, 423 F.3d 810, 814 (8th Cir. 2005). The Court declines to exercise supplemental jurisdiction over any state law claims for custodial negligence or conversion that Plaintiff may have against any of the Defendants. See id. (district court may decline to exercise supplemental jurisdiction over state law claims after granting defendants summary judgment on the federal claims over which it had original jurisdiction); Trobaugh v. Hyatt, 125 Fed. Appx. 755, 756 (8th Cir. 2005) (same; dismissal of state claims must be without prejudice).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants Chris Cassaday and the City of Cool Valley for summary judgment is **GRANTED** as to all federal claims. [Doc. No. 33]

**IT IS FURTHER ORDERED** that the motion of Defendants Gregory Bolin and Michael Bolin for summary judgment is **GRANTED** as to any and all federal claims against these Defendants. [Doc. Nos. 43 & 51]

**IT IS FURTHER ORDERED** that any state law claims Plaintiff asserted against any Defendant are dismissed without prejudice.

All claims against all parties having been resolved, an appropriate Judgment shall accompany this Memorandum and Order.

	_____
	AUDREY G. FLEISSIG
	UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of February, 2006.